UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SEHAJVEER SINGH GILL, | ) | CASE NO.: 4:26-cv-00523 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| MARKWAYNE MULLIN, Secretary, U.S. | ) | **MEMORANDUM OPINION** |
| Department of Homeland Security, *et al.*, | ) | **AND ORDER** |
| | ) | |
| Respondents. | ) | |

Before the Court is Petitioner Sehajveer Singh Gill's ("Petitioner") Petition for Writ of

Habeas Corpus under 28 U.S.C. § 2241 ("Petition").  (Doc. 1.)  Respondents are Markwayne

Mullin,[1] Secretary of the United States Department of Homeland Security; Todd Lyons, Acting

Director for Immigration and Customs Enforcement ("ICE"); Kevin Raycraft, Field Office

Director of the Cleveland Field Office for Immigration and Customs Enforcement ("ICE"); and

Ed Voorhies, Warden of Northeast Ohio Correctional Center (together "Respondents").  (*Id.*)

Respondents opposed the Petition.  (Doc. 5.)  Petitioner replied.  (Doc. 6.)  For the reasons stated

herein, the Petition is GRANTED.

I.      **BACKGROUND**

Petitioner is a citizen of India.  (Doc. 1 at 5, ¶ 28.)[2]  On December 3, 2024, he entered the

United States through Canada without inspection.  (*Id.* at ¶ 29.)  He was not detained at the

border upon entry.  (*Id.*)  On December 9, 2024, Petitioner filed an application for asylum.  (*Id.*

---

[1] Since the filing of the Petition, Markwayne Mullin replaced Kristi Noem as the Secretary of the
Department of Homeland Security.  Pursuant to Rule 25(d), which states that successors are
automatically substituted as a party, Secretary Mullin is now named in this action.

[2] For ease and consistency, record citations are to the electronically stamped CM/ECF document
and PageID# rather than any internal pagination.

at ¶ 30.)  Petitioner's asylum application is pending.  (*Id.*)

On August 4, 2025, United States Citizenship and Immigration Services ("USCIS") approved Petitioner for Special Immigrant Juvenile Status ("SIJS").  (*Id.* at ¶ 31.)  Petitioner has lived in the United States since entering in early December 2024.  (*Id.* at ¶¶ 31-32.)

Petitioner's circumstances changed on January 15, 2026.  He was the passenger in a car pulled over by law enforcement.[3]  Once identified, he was arrested by ICE.  He was also issued a Notice to Appear as removeable.  (Doc. 5-3.)  Since this arrest, Petitioner has been detained at the Northeast Ohio Correctional Center.  (Doc. 1 at 3, ¶ 14.)

On February 10, 2026, Petitioner filed a motion for custody redetermination.  (Doc. 5-4.)  An Immigration Judge denied the motion because it had "[n]o jurisdiction."  (Doc. 5-5.)  On February 26, 2026, at an immigration court hearing, Petitioner conceded removability as stated in the notice to appear.  (Doc. 5 at 24; Doc. 6 at 59.)  At the time of the parties' filings, a merits hearing on Petitioner's asylum application was scheduled for April 10, 2026.  (Doc. 5 at 24; Doc. 6 at 59.)

On March 3, 2026, Petitioner filed the instant Petition.  (Doc. 1.)  Petitioner seeks a writ of habeas corpus, arguing that continued detention without a bond hearing violates the Due Process Clause of the Fifth Amendment.  (*Id.* at 8-9, ¶¶ 56-62.)  The crux of the dispute is Respondents designation of Petitioner as mandatorily detained pursuant to 8 U.S.C. § 1225 of the Immigration and Nationality Act ("INA").  Before July 8, 2025, noncitizens in the United States were viewed as being subject to Section 1226, which allows for bond hearings and the potential for release during the pendency of removal or asylum proceedings.  Since July 8, 2025,

---

[3] Respondents do not assert Petitioner was involved in any unlawful activity as it relates to the law enforcement action.  (Doc. 5-3.)

noncitizens in the United States are viewed as being subject to Section 1225, which mandates detention during removal proceedings in nearly every instance with no bond hearing.  Petitioner seeks immediate release, or in the alternative, an order requiring Respondents to provide Petitioner with a bond hearing pursuant to Section 1226.  (*Id.* at 10.)

## II.    ANALYSIS

Any "individual detained within the United States" may seek a writ of habeas corpus. *Hamdi v. Rumsfeld*, 542 U.S. 507, 525, 124 S. Ct. 2633, 159 L. Ed. 2d 578 (2004) (citing U.S. Const., Art. I, § 9, cl. 2).  Habeas relief is available where a person's custody violates "the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

The central question is the basis for Petitioner's detention.  (Doc. 1 at 9, ¶¶ 59-60.) Respondents argue Petitioner is subject to mandatory detention under 8 U.S.C. § 1225 of the INA.  (Doc. 5 at 25.)  Petitioner argues his detention was an exercise of discretionary enforcement authority under 8 U.S.C. § 1226.  (Doc. 6 at 61.)  Under Section 1226, Petitioner argues he is entitled to a bond hearing.  (*Id.*)  Because Respondents' interpretation of Section 1225 runs counter to well-established canons of statutory construction, their contention that Section 1225(b)(2)(A) authorizes Petitioner's detention without a bond hearing lacks merit.[4]

The "starting point" for any statutory interpretation question "is the statutory text." *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 98, 123 S. Ct. 2148, 156 L. Ed. 2d 84 (2003); *see also J. B-K. by E.B. v. Sec'y of Ky. Cabinet for Health & Fam. Servs.*, 48 F.4th 721, 726 (6th Cir. 2022).  The Court "must give effect to the clear meaning of statutes as written."  *Star Athletica, LLC v. Varsity Brands, Inc.*, 580 U.S. 405, 414, 137 S. Ct. 1002, 197 L. Ed. 2d 354 (2017); *see*

---

[4] In its return of writ, Respondents acknowledge this Court's recent decision in *Gu v. Noem*, No. 26-cv-36, 2026 WL 621356, 2026 U.S. Dist. LEXIS 45134 (N.D. Ohio Mar. 5, 2026), but reiterate their arguments regarding the mandatory detention of noncitizens.

*also Kentucky v. Biden*, 23 F.4th 585, 603 (6th Cir. 2022).  The words in the statute are given their "ordinary, contemporary, [and] common meaning" while also being assessed in context with the remaining statutory language.  *Biden*, 23 F.4th at 603 (citations and quotations omitted).

Section 1225(a)(1) defines "an applicant for admission" as an "alien present in the United States who has not been admitted or who arrives in the United States[.]"  Section 1225(b)(2)(A) states: "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title."  In this way, three things must be demonstrated for Section 1225(b)(2)(A) to apply: the person must be (1) "an applicant for admission"; (2) "an alien seeking admission"; and (3) "not clearly and beyond a doubt entitled to be admitted."

An "applicant for admission" is defined in Section 1225(a)(1).  An "alien seeking admission" is not defined anywhere in the INA.  Respondents urge that every "applicant" is also "seeking admission."  This argument is unpersuasive.

First, for Section 1225(b)(2)(A) to apply, Respondents must show that the person is "an applicant for admission."  If demonstrated, Respondents must then show the person is also "seeking admission."  For the Court to be persuaded by Respondents' assertion that these two considerations are one in the same would require it to disregard its own mandate to give effect to every clause, word, and provision of a statute.  *See TRW Inc. v. Andrews*, 534 U.S. 19, 31, 122 S. Ct. 441, 151 L. Ed. 2d 339 (2001) (citing *Duncan v. Walker*, 533 U.S. 167, 174, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001)).  The statute plainly states that two things must be true—the person is an applicant and they are seeking admission.  By its language, Congress has determined an applicant is distinct from someone who may also be seeking admission.  "The canon against

surplusage can be meaningful when a competing interpretation would avoid superfluity." *Bufkin v. Collins*, 604 U.S. 369, 387, 145 S. Ct. 728, 221 L. Ed. 2d 192 (2025). Such is the case here.

Second, Congress' chosen language is also notable. "Seeking" implies action. *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 781 (E.D. Mich. 2025). It suggests something that one is in the process of doing. *Id.* Being an applicant is passive. The action is complete, and the waiting period has begun.

Third, consider the titles chosen for each section. While titles cannot override plain words in a statute, referring to titles can be "tools available for resolution of a doubt." *Spurr v. Pope*, 936 F.3d 478, 488 (6th Cir. 2019). Section 1225 is titled "[i]nspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing." The use of "arriving aliens" strongly corroborates that it applies to aliens who are in the act of *arriving* in the United States. Meanwhile, Section 1226 is titled "[a]pprehension and detention of aliens." That title appears to apply directly to Petitioner, an alien apprehended and detained. *See Martinez-Elvir v. Olson*, 807 F. Supp. 3d 725, 737 (W.D. Ky. 2025) (the title's "use of 'arriving aliens' to describe the noncitizens to whom the statute applies strongly suggests that § 1225 pertains to noncitizens first entering the United States."); *see also Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, 2025 U.S. Dist. LEXIS 175767, at *13 (E.D. Mich. Sep. 9, 2025) ("The use of 'arriving' to describe noncitizens strongly indicates that the statute governs the *entrance* of noncitizens to the United States."); *Edahi v. Lewis*, No. 25-cv-129, 2025 WL 3466682, 2025 U.S. Dist. LEXIS 233006, at *18 (W.D. Ky. Nov. 27, 2025) ("'arriving' supports the notion that the statute governs 'arriving' noncitizens, not those present already").

Fourth, the Court's determination here is entirely consistent with *Jennings v. Rodriquez*, 583 U.S. 281, 138 S. Ct. 830, 200 L. Ed. 2d 122 (2018). There, the Supreme Court recognized

Section 1226(a) as "the default rule" for "aliens already present in the United States," while Section 1225 is paramount at "the Nation's borders and ports of entry . . . ."  *Id.* at 281.

Lastly, recent congressional action confirms the Court's interpretation of Section 1225. As the *Martinez-Elvir* court explained, the Laken Riley Act amended portions of the INA to exclude certain aliens from Section 1226 if they had been arrested, charged, or convicted of enumerated crimes.  *Martinez-Elvir*, 807 F. Supp. 3d at 738.  These aliens would have otherwise qualified for a bond hearing under Section 1226.  But to "read § 1226 [as Respondents do] would ignore recent amendments to § 1226 and render Congress' recent actions entirely superfluous, a result that this Court has long been instructed to avoid."  *Rodriquez v. Noem,* 812 F. Supp. 3d 751, 760 (W.D. Mich. 2025).  If every alien in the United States could be detained under Section 1225 and denied a bond hearing, the Act is meaningless.

Simply stated, the Court is not persuaded by Respondent's interpretation of the statute.  If Respondents seek relief from the INA's plain terms and chosen language, legislative action is the appropriate course.  Petitioner is improperly designated as a mandatory detainee pursuant to Section 1225(b)(2)(A).  He must be afforded a proper bond hearing consistent with Section 1226.[5]

## III.    CONCLUSION

For the reasons stated herein, Petitioner Sehajveer Singh Gill's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is GRANTED.  Within five (5) business days of this Order, Respondents must afford Petitioner a bond hearing consistent with Section

---

[5] The Court recognizes Petitioner's additional argument that even those detained pursuant to Section 1225 should be afforded a bond hearing.  (Doc. 6 at 62-63.)  But because the Court has found that Petitioner is entitled to a bond hearing consistent with Section 1226, the Court does not need to address this argument.

1226, or release him from custody.

**IT IS SO ORDERED.**

Date:   April 15, 2026

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE