UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SEHAJVEER SINGH GILL, | ) | CASE NO.: 4:26-cv-00523 |
| | ) | |
| Petitioner, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| MARKWAYNE MULLIN, Secretary, U.S. | ) | **MEMORANDUM OPINION** |
| Department of Homeland Security, *et al.*, | ) | **AND ORDER** |
| | ) | |
| Respondents. | ) | |

Before the Court is Petitioner Sehajveer Singh Gill's ("Petitioner") Emergency Motion to Enforce Habeas Order and For Immediate Release. (Doc. 9.) Respondents[1] opposed the Motion. (Doc. 10.) For the reasons stated herein, the Motion is GRANTED in part and DENIED in part.

I.      BACKGROUND

Petitioner is a citizen of India. (Doc. 1 at 5, ¶ 28.)[2] On December 3, 2024, he entered the United States through Canada without inspection. (*Id.* at ¶ 29.) He was not detained at the border upon entry. (*Id.*) On December 9, 2024, Petitioner filed an application for asylum. (*Id.* at ¶ 30.) Petitioner's asylum application is pending. (*Id.*) He has remained in the United States during this time.

On January 15, 2026, Petitioner was the passenger in a car pulled over by law enforcement. Once identified, he was arrested by ICE. He was issued a Notice to Appear as

---

[1] Respondents are Markwayne Mullin, Secretary of the United States Department of Homeland Security; Todd Lyons, Acting Director for Immigration and Customs Enforcement ("ICE"); Kevin Raycraft, Field Office Director of the Cleveland Field Office for Immigration and Customs Enforcement ("ICE"); and Ed Voorhies, Warden of the Northeast Ohio Correctional Center (together "Respondents").

[2] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

removeable.  (Doc. 5-3.)  Since his arrest, Petitioner has been detained at the Northeast Ohio Correctional Center.  (Doc. 1 at 3, ¶ 14.)

On March 3, 2026, Petitioner filed a petition for writ of habeas corpus.  (Doc. 1.) Petitioner argued his continued detention without a bond hearing violated the Due Process Clause of the Fifth Amendment.  (*Id.* at 8-9, ¶¶ 56-62.)  Respondents argued Petitioner was detained pursuant to 8 U.S.C. § 1225 of the Immigration and Nationality Act ("INA"), which mandates detention.  Petitioner argued 8 U.S.C. § 1226 applied to his detention, which allows for bond hearings and the potential for release during the pendency of removal or asylum proceedings.

The Court ordered Respondents to proceed to a bond hearing or release Petitioner from custody.  (Doc. 7.)  On April 20, 2026, an Immigration Judge timely conducted a bond hearing pursuant to Section 1226(a).  (Doc. 10 at 88.)  At the hearing, Petitioner was represented by counsel and presented evidence.  (*Id.*)  After consideration of the evidence, the Immigration Judge found Petitioner presented a risk of flight and danger to the community.  (*Id.*)  Petitioner was denied bond.  (*Id.*)

Petitioner now contends the bond hearing violated the Due Process Clause, and the remedy he seeks is either immediate release or a new bond hearing conducted by a different Immigration Judge.  (Doc. 9 at 82.)  Respondents opposed the Motion.  (Doc. 10.)[3]

---

[3] Respondents assert jurisdictional limits on the Court's review as well as Petitioner's need to exhaust administrative remedies.  The Court has previously rejected similar jurisdictional and exhaustion arguments.  *See Gu v. Noem*, No. 26-cv-36, 2026 WL 621356, 2026 U.S. Dist. LEXIS 45134, at *4 (N.D. Ohio Mar. 5, 2026).  To the extent the motion raises nonreviewable matters, that is discussed below.  Since the challenge raised in Petitioner's motion is to Respondents' compliance with this Court's Order, exhaustion is not required.  And even if exhaustion applied, it is waived.  *See Alvarez v. Noem*, 807 F. Supp. 3d 777, 784-85 (W.D. Mich. 2025) (exhaustion not required when a petition raises a constitutional challenge).

## II.  LAW AND ANALYSIS

The Court previously determined that Petitioner is subject to detention under 8 U.S.C. § 1226(a).  (Doc. 7.)  The limited question presented now is whether the subsequent bond hearing complied with the Due Process Clause, Section 1226, and this Court's Order.  To Petitioner, his bond hearing was constitutionally and statutorily deficient because the Immigration Judge placed the burden of proof on him, not the government; improperly considered his associations; and failed to make individualized findings.  (Doc. 9 at 79-81.)  The Court's analysis begins with the burden of proof.

### A.  Due Process

The Due Process Clause of the Fifth Amendment applies to all persons—citizens or aliens—inside the United States.  *A.A.R.P. v. Trump*, 605 U.S. 91, 94, 145 S. Ct. 1364, 221 L. Ed. 2d 765 (2025); *Zadvydas v. Davis*, 533 U.S. 678, 687, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).  To determine whether Petitioner's continued detention violates due process, courts apply the three-part balancing test laid out in *Mathews v. Eldrige*, 424 U.S. 319, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976).  The Court must weigh: (1) the private interest affected by government action, (2) the risk of erroneous deprivation of that private interest and the probable "value of any additional safeguards, and (3) the government's interest, including the fiscal and administrative burden the additional safeguards would impose."  *United States v. Silvestre-Gregorio*, 983 F.3d 848, 852 (6th Cir. 2020) (citing *Mathews*, 424 U.S. at 334-35).

#### 1.  Private Interest

The private interest at stake here "is the most elemental of liberty interests—the interest in being free from physical detention by one's own government."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 529, 124 S. Ct. 2633, 159 L. Ed. 2d 578 (2004).  "Freedom from imprisonment—from

government custody, detention, or other forms of physical restraint—lies at the heart of the very liberty that [the Due Process Clause] protects." *Zadvydas*, 533 U.S. at 690.

This factor weighs in Petitioner's favor.

### 2. Risk of Erroneous Deprivation

The risk of erroneous deprivation is high if detainees are subject to constitutionally or statutorily deficient bond hearings. Individualized bond hearings where the government bears the burden of proof mitigate against this risk. "The more stringent the burden of proof a party must bear, the more that party bears the risk of an erroneous decision." *Cooper v. Oklahoma*, 517 U.S. 348, 116 S. Ct. 1373, 134 L. Ed. 2d 498 (1996) (quoting *Cruzan v. Director, Mo. Dep't of Health*, 497 U.S. 261, 283, 110 S. Ct. 2841, 111 L. Ed. 2d 224 (1990)). "[D]ue process places a heightened burden of proof on the [government] in civil proceedings in which the individual interests at stake . . . are both particularly important and more substantial than mere loss of money." *Id.* (quotations omitted). In *Marroquin v. Genalo*, the government acknowledged by stipulation that it bore the burden of proof as to both risk of flight and danger to the community. No. 24-cv-6376, 2025 WL 3241161, 2025 U.S. Dist. LEXIS 228854, at *5 (S.D.N.Y. Nov. 20, 2025). The government does not take the same position here, instead urging that Petitioner bears the burden of proof.

A growing number of cases have reviewed the burden of proof in Section 1226 bond hearings. The vast majority have found the need to reduce the risk of erroneous deprivations of any individual's liberty interest requires an individualized hearing in which the government must demonstrate risk of flight or danger to the community by clear and convincing evidence. *See id.*; *Rodriguez v. Greene*, No. 26-cv-333, 2026 WL 574961, 2026 U.S. Dist. LEXIS 41849, at *40 (N.D. Ohio Mar. 2, 2026) (finding risk or erroneous deprivation "high" where bond hearing was

"constitutionally deficient" because it improperly imposed burden on petitioner); *E.V. v. Raycraft*, No. 25-cv-2069, 2025 WL 3122837, 2025 U.S. Dist. LEXIS 220483, at *29 (N.D. Ohio Nov. 7, 2025) ("individualized bond hearing ensures that immigration judges can assess whether noncitizens pose a flight risk or a danger to the community, thereby mitigating the erroneous deprivation of noncitizens' liberty interests"); *M.T.B. v. Byers*, No. 24-cv-028, 2024 WL 2881843, 2024 U.S. Dist. LEXIS 148118, at *5 (E.D. Ky. Aug. 20, 2024) ("Requiring detainees to prove that they are not a danger and are not a flight risk after the government has already enjoyed a presumption that detention is necessary . . . presents too great a risk of an erroneous deprivation of liberty after a detention that has already been unreasonably prolonged."); *Perez-Perez v. Raycraft*, No. 26-10533, 2026 WL 1121930, 2026 U.S. Dist. LEXIS 91353, at *20 (E.D. Mich. Apr. 24, 2026) ("as a majority of federal courts, including both trial and appellate courts, have decided, the *Mathews* factors establish that due process requires the government to bear the burden of demonstrating that Petitioner is a flight risk or danger to the community to deny bond").

> As one court explained:

> In the context of the Due Process Clause, requiring a particular standard of proof serves to allocate the risk of error between the litigants' and reflects the relative importance attached to the ultimate decision. Thus, the Supreme Court has repeatedly reaffirmed that due process places a heightened burden of proof on the State in civil proceedings in which the individual interests at stake . . . are both particularly important and more substantial than mere loss of money. The individual should not be asked to share equally with society the risk of error when the possible injury to the individual is significantly greater than any possible harm to the state. The Supreme Court, therefore, upheld the application of the clear and convincing standard for civil commitment proceedings because the individual's interest in the outcome of a civil commitment proceeding is of such weight and gravity that due process requires the state to justify confinement by proof more substantial than a mere preponderance of the evidence.

*Soto-Medina v. Lynch*, No. 25-cv-1704, 2026 WL 161002, 2026 U.S. Dist. LEXIS 11113, at *15

(W.D. Mich. Jan. 21, 2026) (citations omitted).  Other courts have decided differently.  *See Diaz v. Garland*, 53 F.4th 1189, 1203-05 (9th Cir. 2022) (discussing the circuit split).

Having considered the Supreme Court's statements about the burden of proof applicable to proceedings that may result in a loss of liberty and the persuasive authority cited herein, this Court finds that the government must demonstrate by clear and convincing evidence that the detainee presents a flight risk or danger to the community in Section 1226 bond hearings.  This is not a novel conclusion.  As noted in *Rodriguez*, immigration courts put the burden of proof on the government to demonstrate detention was necessary long before the Department of Homeland Security amended its policies.  2026 WL 574961, 2026 U.S. Dist. LEXIS 41849, at *40 (collecting cases in the Sixth Circuit which have held the burden is with the government).

This factor weighs in Petitioner's favor.

### 3. Government Interest

Without doubt, the government has a legitimate interest in detaining noncitizens when necessary to ensure their appearance at future proceedings and protect the public.  *Escobar-Ruiz v. Raycraft*, No. 25-cv-1232, 2025 WL 3039255, 2025 U.S. Dist. LEXIS 215434, at *19-20 (W.D. Mich. Oct. 31, 2025).  The government "also has a 'paramount' interest 'in minimizing the enormous impact of incarceration in cases where it serves no purpose.'"  *Marroquin*, 2025 WL 3241161, 2025 U.S. Dist. LEXIS 228854, at *13 (citing *Black v. Decker*, 103 F.4th 133, 154 (2d Cir. 2024)).  A bond hearing that properly requires the government to prove an individual's risk of flight or danger to others by clear and convincing evidence is minimally burdensome to the government.  The government does not argue otherwise.[4]

---

[4] To the extent there is an added burden to the government, compliance with the Court's Order in the first instance would have prevented any additional burden.

This factor weighs in Petitioner's favor.

**B.      Respondents' Argue Petitioner Bears the Burden of Proof**

Respondents' challenge Petitioner's primary due process argument, that being the burden of proof, in three ways.  First, they argue the Court lacks authority to review the Immigration Judge's detention order.  Courts have a limited authority to review orders issued in immigration proceedings.  *See Hamama v. Homan*, 912 F.3d 869, 876 (6th Cir. 2018).  But a court's ability to review compliance with the Constitution, a federal statute, or its own Order is not limited simply because the related proceeding is an immigration proceeding.  *See Diaz-Calderon v. Barr*, 535 F. Supp. 3d 669, 676 (E.D. Mich. 2020) ("In the context of an immigration bond hearing, district courts have jurisdiction to review Immigration Judge's discretionary bond denial only where that bond denial is challenged as legally erroneous or unconstitutional.") (citation omitted).  For Respondents' view to be correct, the constitutional protections afforded all persons within the United States, citizens or not, would be inapplicable in immigration proceedings.  Such a result would be entirely inconsistent with *Zadvydas*.  533 U.S. at 687.

Second, Respondents rely on agency decisions to support their argument the detainee bears the burden at a bond hearing, but this argument does not comport with overriding constitutional principles.  The Court is not required to show deference to agency decisions, especially when those agencies cannot review constitutional challenges.  *Loper Bright Enter. v. Raimondo*, 603 U.S. 369, 401, 144 S. Ct. 2244, 219 L. Ed. 2d 832 (2024); *Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006).

Third, Respondents direct the Court to Section 1226's text.  They contend Section 1226 does not require the government to bear the burden of proof.  (Doc. 10 at 94.)  In support, they cite regulations stating "the alien must demonstrate" he is not a flight risk or a danger to the

community.  8 C.F.R. § 1236.1(c)(8).  While true, neither the statute nor the regulations speak to due process considerations.  In *Jennings v. Rodriguez*, relied on by Respondents in their opposition brief, the Supreme Court found the text of Section 1226 did not require the government bear the burden of proof in bond hearings by clear and convincing evidence.  583 U.S. 281, 312, 138 S. Ct. 830, 200 L. Ed. 2d 122 (2018).  It declined, however, to decide whether the Due Process Clause would require the same.  *Id.* (declining to reach question on the merits because the Court of Appeals "had no occasion to consider respondents' constitutional arguments on their merits").

For these reasons, Respondents' arguments lack merit.  The *Mathews* factors all favor Petitioner.  His continued detention without a bond hearing wherein the government bears the burden of proof by clear and convincing evidence is a violation of due process.

> **C.     Petitioner's Due Process Challenges to Considering Associates and Individualized Findings**

Petitioner asserts two additional due process violations, namely that the Immigration Judge improperly considered the person with whom Petitioner was with at the time of his arrest and failed to make individualized findings.  Both are unavailing.

Addressing associations first, Immigration Judges have broad discretion in deciding what factors to consider when assessing risk of flight or danger to the community.  *In re Guerra*, 24 I. & N. Dec. 37, 40 (2006).  Immigration Judge's typically consider the following: (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the

alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States. *Id.* One's associations are not included, but they are not excluded either.

Petitioner does not believe the Immigration Judge should have considered that he was with an individual suspected of threatening federal law enforcement at the time of his detention. That individual was in possession of a Glock 17, a box of ammunition, and three magazines. (Doc. 10 at 88.) The car in which Petitioner was riding had the license plate "NARCOS." (*Id.*) Petitioner has not provided any authority from which the Court can conclude the Immigration Judge's consideration of this information violated due process. Thus, considering Petitioner's association did not violate due process.

As for individualized findings, Respondents' opposition points to the individualized findings made during the bond hearing. (*Id.* at 95-96; Ex. G.) First, Petitioner's argument wades into territory the Court is not clearly permitted to enter. *See Marroquin v. Noem*, No. 26-45, 2026 WL 575222, 2026 U.S. Dist. LEXIS 41785, at *10-12 (E.D. K.y. Mar. 2, 2026) (arguments regarding Immigration Judge's discretionary findings unreviewable by district court because they merely took issue with ultimate decision that did not raise to constitutional issues despite couched as such). But assuming it can, the Court listened to the entirety of the bond hearing recording. The Immigration Judge's findings as to Petitioner's circumstances were neither deficient nor resulting in a denial of due process. The Immigration Judge appears to have erred only in so far as he placed the burden of proof on Petitioner, not the government. (Doc. 10-2, Gov't Ex. G at 15:56, 16:50, 18:24.)[5] Petitioner has not directed the Court to any authority to the contrary, and so this Court cannot conclude he was denied due process in this way.

---

[5] During the bond hearing, Petitioner is referred to as "respondent."

To address the due process violation resulting from the Section 1226 bond hearing that improperly required Petitioner to prove entitlement to release, a bond hearing in which the government must prove risk of flight or danger to others by clear and convincing evidence is required.

### D.    Reassignment

Immigration detainees must be afforded a bond hearing on the merits before a neutral Immigration Judge.  *See generally* 8 C.F.R. §§ 1236.1(c)(8), (d)(1); *see also Vicen v. Lewis*, No. 26-cv-90, 2026 WL 541171, 2026 U.S. Dist. LEXIS 39697, at *31 (W.D. Ky. Feb. 26, 2026). As a remedy for violating his due process right to a proper bond hearing, Petitioner seeks reassignment to another Immigration Judge.  Assuming the Court has the authority to order reassignment, Petitioner has not demonstrated such relief is warranted.[6]

While the burden of proof was improperly placed on Petitioner during the bond hearing, that alone does not support finding the Immigration Judge would have substantial difficulty setting aside his prior finding or that there exists a need to protect the appearance of fairness in this case.  Having listened to the entirety of the bond hearing, the Court did not hear anything to suggest the Immigration Judge was partial, biased, or prejudiced.  *See Qun Wang*, 423 F.3d at 268-69 (explaining standard for finding bias).  To the contrary, the Immigration Judge accepted Petitioner's evidence over government's objection, namely exhibit four.  (Doc. 10-2, Gov't Ex. G at 6:58-8:28.)  He also listened to each party's arguments and weighed the information before

---

[6] It is unclear the Court has the authority to reassign Petitioner's bond hearing to another Immigration Judge.  *See Qun Wang v. Att'y Gen. of the United States*, 423 F.3d 260, 271 (3d Cir. 2005) (granting petition after finding Immigration Judge exhibited bias during removal proceedings but recognizing "that assignment of an [Immigration Judge] is within the province of the Attorney General" and recommending reassignment instead of ordering it) (quoting *Korytnyuk v. Ashcroft*, 396 F.3d 272, 287 n.20 (3d Cir. 2005)).

him.  (*Id.*)  Thus, Petitioner's request for reassignment is denied.

## III.    CONCLUSION

For the reasons stated herein, Petitioner Sehajveer Singh Gill's Emergency Motion to Enforce Habeas Order and For Immediate Release (Doc. 9) is GRANTED in part and DENIED in part.  **By 5:00 p.m. on Monday, May 11, 2026**, Respondents shall either afford Petitioner a bond hearing that comports with the Due Process Clause, Section 1226, and this Order, or they shall release him from custody.

**IT IS SO ORDERED.**

Date:   May 4, 2026

_____

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE